**UNITED STATES of America,**

v.

**Anual David RUDISILL, Defendant.**

**No. Crim.A. 95–0302 (SS).**

United States District Court,
District of Columbia.

April 28, 1998.

Ronald L. Walutes, Jr., U.S. Attorney's Office, Civil Div., Washignton, DC, for U.S.

James W. Rudasill, Jr., Washington, DC, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

SPORKIN, District Judge.

This matter comes before the Court on the issue of Defendant Rudisill's competency to

stand trial. Defendant Anual Rudisill was arrested as one of three suspects in the armed robbery of the MCR Check Cashing Store located at 3609 14th Street, N.W. On October 27, 1995, the magistrate judge ordered that Rudisill be committed to the custody of the Attorney General to be held without bond pending trial. The government placed Rudisill in the Central Detention Facility of the D.C. Department of Corrections. On October 31, 1995, while incarcerated at the D.C. jail awaiting arraignment, Rudisill was brutally attacked by eight prisoners while he was attempting to make a phone call. His head was bashed in, resulting in severe brain injury. He was admitted, in a coma, to the intensive critical care trauma unit of the D.C. General Hospital. Rudisill remained comatose for approximately one month. Rudisill was admitted to the Intensive Head Trauma Services of the National Rehabilitation Hospital on January 22, 1996. At the time of his admission to the hospital, Dr. Andrew McCarthy, Rudisill's treating physician, noted that his condition included blurred vision, memory loss, information and word processing deficits, and left side paralysis necessitating a walker. On April 17, 1996, the Court released Rudisill to the custody of his mother because he had recovered sufficiently to continue his therapy on an outpatient basis.

Rudisill has been living under the constant care and supervision of his mother, who has achieved remarkable results with his recovery. Although he still needs a cane for stability, his physical abilities have improved significantly, but mentally, he remains severely impaired. Although he can dress himself, he cannot select what clothes to wear. Rudisill also cannot cut his food. His short term memory deficit results in his having difficulty remembering what his mother asks him to do. He cannot drive a car. He spends his day watching television and reading children's books. Mrs. Rudisill testified that she has never left him alone and that she supervises him all the time. She said that Rudisill wakes up during the night somewhat bewildered and that she frequently has to comfort him during these times. In essence, his brain damage has left him with the mental capacity of a child of tender years.

■ Under 18 U.S.C. § 4241(a), the Court is to required to hold a hearing to determine the competency of a defendant. In this case, based upon the multiple hearings and extensive record in this case, both the Government and the Defendant agree that the Defendant is presently not competent to stand trial. Accordingly, the Court finds by a preponderance of the evidence that Defendant Rudisill is presently incompetent to be placed on trial. Section 4241(d) provides that after finding a defendant incompetent to stand trial, the court "shall" commit the defendant to the custody of the Attorney General for hospitalization in a "suitable facility" for "such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed."

■ The Government has requested that Rudisill be placed in the Federal Prison Hospital at Butner, North Carolina for its determination pursuant to § 4241(d). From the extensive record developed in this case, the Court finds that permitting the Government to place Rudisill in a strange environment without the stabilizing and reassuring presence of his mother would likely cause him severe trauma and might set him back significantly in his recovery. Rudisill has the mental capacity of a child of 5 years or less. He requires constant care and attention as well as assistance in performing the most routine daily tasks such as eating, dressing, and tying his shoes. His frequent memory lapses cause him disorientation, particularly when he wakes up in the middle of the night and does not immediately see his mother. The Court believes that certain conditions must be placed on its Order turning over the Defendant to the custody of the Attorney General. In doing this, the Court is mindful of the fact that when the magistrate judge ordered the Defendant to be held in pretrial detention, the Government was unable to provide him with adequate protection. The Court does not want to see a repeat of what happened at the detention center. Accordingly, the Court will place certain restrictions on Rudisill's hospitalization pursuant to

§ 4241(d). The Court has fully explained these conditions to the Government and the Defendant, and with their consent, it is hereby

**ORDERED** that the Defendant be placed in the custody of the Attorney General for the purpose of making a determination of Rudisill's competency to stand trial. The Attorney General has indicated that this determination should be able to be made within 30 days with the understanding that if a longer period is required, the Attorney General's representative will return to the Court to fully explain why additional time is necessary; it is further

**ORDERED** that Defendant Rudisill's mother accompany him to Butner, North Carolina. All expenses of both Defendant Rudisill and his mother (including the costs of his mother's transportation and lodging) shall be paid for by the Government; it is further

**ORDERED** that this examination shall be on an inpatient basis upon the Government's request. However, the Defendant's mother shall be permitted to visit her son each and every day he is on an inpatient status; it is further

**ORDERED** that Defendant Rudisill report to the facility selected by the Government at a time agreed to by both the Government and the Defendant. Defendant Rudisill shall continue to remain in the custody of his mother until this specified time; it is further

**ORDERED** that this Order is binding on the Bureau of Prisons to the extent that it is called upon to carry out the terms of this Order; it is further

**ORDERED** that either party may return to the Court for such other and further relief as may be appropriate.